IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER ALEXANDER MATHIS,

    Petitioner,

v.                                              Civil Action No. 3:05CV44
                                                 Criminal Action No. 3:04CR27-01
                                                 (JUDGE BROADWATER)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 10, 2005, the *pro se* petitioner, an inmate at the Eastern Regional Jail, at Martinsburg, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on June 3, 2005, the Court ordered the respondent to answer the motion. On November 1, 2005, the United States filed its response to petitioner's motion. Petitioner was given extensions of time to file a reply to the Government's response. Petitioner has filed no reply.

This matter, which is pending before me for initial review and report and recommendation pursuant to the May 19, 2005, Order of Referral issued by the Honorable W. Craig Broadwater and L R PL P 83.15 is ripe for review.

### II. FACTS

**A.**    **Conviction and Sentence**

On September 1, 2004, the petitioner signed a plea agreement by which he agreed to plead guilty to Count 12, possession with the intent to distribute .37 grams of cocaine base in violation of Title 21, United States Code, Section 841(a)(1). In the plea agreement, the parties stipulated to total

drug relevant conduct of 1122.4 grams of cocaine base, also known as crack. Additionally, the petitioner waived his right to appear and to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). (Doc. 117, pg 4).

On September 9, 2004, the petitioner entered his plea in open court. During the plea hearing, the Government presented the testimony of Kevin Miller, a sergeant with the Martinsburg, West Virginia Police Department, to establish a factual basis for the plea. (Plea transcript pp. 24-26). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Count 12 of the indictment. The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 27) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) Finally, the petitioner testified that his attorney had adequately represented him, that his attorney had left nothing undone. (Id. at 28)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of Count 12 were established beyond a reasonable doubt (Id. at 28) The petitioner did not object to the Court's finding.

On December 17, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 188 months.

## B. Appeal

None.

## C. Federal Habeas Corpus

Petitioner asserts ineffective assistance of counsel as grounds one, three, and not previously presented grounds in paragraph 13. Specifically, he asserts his counsel: 1) did not advise him prior to his plea that he could be sentenced for conduct for which he was not indicted; 2) had him sign the plea under duress by telling him his guideline sentencing level would be "off the charts" if he did not sign the plea agreement; 3) said the Assistant United States Attorney would not allow him to have an evidentiary hearing on the issue of relevant conduct; 4) ignored his request for an evidentiary hearing at sentencing; 5) failed to tell him a sentence based on drug weight for which he was not indicted was unconstitutional; 6) failed to let him view the audio video evidence against him; 7) advised him to ignore the waiver of his appeal rights because that section of the plea agreement was unconstitutional. Second, petitioner claims the evidence was insufficient to sentence him as to 1122.4 grams of cocaine base under the Booker and Fan Fan cases. Finally, petitioner

3

contends there is a structural error - "plain error" on the sentencing guidelines in shifting them from mandatory to advisory.

**Respondent's Contentions**

The respondent contends that the petitioner's argument does not establish his counsel was ineffective, nor that there was insufficient evidence for his sentence or any error in his sentence.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

**A.     Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. Id. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986); Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985), *cert. denied*, 478 U.S. 1007 (1986).

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988).

## IV. DISCUSSION

The petitioner, herein, is asserting what amounts to an Apprendi claim.[1] However, the petitioner's Apprendi claim is without merit. The petitioner pleaded guilty to Count 12 of the indictment, charging possession with intent to distribute .37 grams of cocaine base, also known as crack, in violation of 21 U.S.C. § 841(a)(1). The statutory penalty for such a violation is contained in 21 U.S.C. § 841(b)(1)(B) which provides for a term of imprisonment of up to 20 years. The district court imposed a sentence of 188 months (15.67 years), which is well below the statutory maximum 20 years as provided by the statute. Thus, there is no Apprendi violation.

Moreover, to the extent the petitioner is attempting to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, the same is without merit. Blakely, as an extension of Apprendi, holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual findings, violates the defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted nor found by the

---

[1] The decision in Apprendi v. New Jersey, establishes that "[O]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).

5

jury. In Booker, the Supreme Court issued a two part decision. In the first part, the Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial, because a judge, not a jury, determines facts which could increase the defendant's sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

Although the Court held in Booker that its decision applies to all cases on direct appeal, it did not address whether its decision applied to cases on collateral review. However, the Fourth Circuit has determined that it does not apply retroactively.[2] Therefore, the petitioner is not entitled to have Booker applied retroactively to his sentence on collateral review.

Thus, the petitioner is left with nothing more than the bald assertion that his counsel was ineffective. He has come forward with no evidence that his claim has merit. Nor can he claim ignorance of the consequences of his plea. During the Rule 11 hearing, the petitioner acknowledged that in reference to relevant conduct, the Court in determining his Total Offense Level in references to sentencing under the Guidelines can take into account any conduct, circumstances, and injuries that are relevant to the crime to which he pleaded guilty. (Plea Transcript p. 20). In addition, the petitioner acknowledged that he could receive a sentence of up to 20 years imprisonment. (Plea Transcript p. 18). Finally, the petitioner acknowledged that his attorney had been a good lawyer. ("He's good,") (Plea Transcript p. 28). "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

---

[2] The Fourth Circuit decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to cases on collateral review, in conformity with nine circuit courts of appeals that have considered the issue.

As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of competence. <u>Strickland</u>, at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, he cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

## V. MISCELLANEOUS MOTIONS

**A.** **Request for Evidentiary Hearing**

As part of his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, the petitioner requests as an alternative ground for relief that he be afforded an evidentiary hearing.[3] 28 U.S.C. § 2255 provides in pertinent part that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also <u>United States v. Witherspoon</u>, 231 F.3d 923 (4th Cir. 2000).

Thus, if it is clear from the pleadings and the files and records that the petitioner is entitled to no relief, a hearing is not necessary. <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

---

[3] See Doc. No. 185 which is docketed as a § 2255 motion but requests appointed counsel and an evidentiary hearing, as well as restating some of his alleged grounds for relief.

The petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief. Thus he is not entitled to an evidentiary hearing. Motion **DENIED**.

B.      **Motion for Appointment of Counsel**

Defendant filed a Motion for Appointment of Counsel on May 26, 2005 (Doc. 173).

A Court may appoint counsel to a financially eligible person if justice so requires in a §2255 action. See 28 U.S.C. §2255; 18 U.S.C. §3006A. Appointment of counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. §3006A, is only required in a §2255 action when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 cases in the United States District Courts. Upon review of the file, I have concluded that the issues in this matter are not complex, that this matter does not require discovery or an evidentiary hearing, and that Petitioner has not demonstrated circumstances which demonstrate the need for appointment of counsel. Accordingly, Petitioner's motion for appointment of counsel (Doc. 173) is hereby **DENIED**.

C.      **Motion to Remand**

This Motion to Remand for Resentencing is a restatement of Petitioner's Booker claim discussed previously. I recommend this motion be denied for the reasons appearing to the Court, previously stated.

## V. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order **DENYING** and **DISMISSING WITH PREJUDICE**, the petitioner's § 2255 motion (Doc. 171) and **DENYING** petitioner's motion to remand (Doc. 174).

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F. 2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated: August 30, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE